## GULF, COLORADO & SANTA FE RAILWAY COMPANY v. M. G. CASH.

### No. 1609.

**1. Railway Company—Track Fenced—Injury to Stock—Degree of Care.** Where a railway company has fenced its track, and stock that have come through the fence are injured by its trains, its liability depends upon the question whether it has used ordinary care, or been negligent in performing the duty to repair and maintain the fence.

**2. Same—Contributory Negligence.**—Where a railway track which is fenced extends through a pasture, the owner of the pasture, in an action for injuries to stock, can not be charged with contributory negligence for placing his stock in his pasture, although he may have knowledge of defects in the railway company's fence.

**3. Same—Charge of Court—Allegata and Probata.**—In an action for injuries to stock, the charge of the court should be confined to the matters of negligence and injury alleged in the pleading, as well as supported by evidence.

APPEAL from the County Court of Bosque. Tried below before Hon. W. B. THOMPSON.

*J. W. Terry* and *Chas. K. Lee,* for appellant.—1. Where a railroad company has fenced its track with a good and sufficient fence to turn stock, it is only bound to use ordinary care to keep such fence in good condition, and will not be liable for stock entering through defects in such fence, unless it knew of such defects, or the same had existed for such a length of time as that it ought, in the exercise of ordinary care, to have known of the same. 7 Am. and Eng. Encyc. of Law, 918; 2 Shearm. & Redf. on Neg., 4 ed., sec. 425; Clardy v. Railway, 73 Mo., 576; 7 Am. and Eng. Ry. Cases, 555; Railway v. Walthers, 78 Mo., 617; 19 Am. and Eng. Ry. Cases, 662; Jones v. Railway, 44 Wis., 352; 1 Am. and Eng. Ry. Cases, 61; Varco v. Railway, 30 Minn., 18; 11 Am. and Eng. Ry. Cases, 419; Fritz v. Railway, 61 Iowa, 324; 13 Am. and Eng. Ry. Cases, 558; Rorer on Rys., 641; Pierce on Rys., 418.

2. It is not for the court to declare that the presence of a break in the fence existing for any period of time, however long, would of itself be negligence; but it is for the jury to determine in each case whether under all the facts and circumstances of the case the break had continued for such a length of time as to charge the defendant with notice. 7 Am. and Eng. Encyc. of Law, 918.

3. The charge of the court should be confined to the case as made by the pleadings and by the evidence, and should submit to the jury only the acts of negligence alleged by the plaintiff. Railway v. Terry, 42 Texas, 451; Graham v. McCarty & Brown, 69 Texas, 323; Railway v. Hennessy, 75 Texas, 155; Railway v. Gilmore, 62 Texas, 391; Dillingham v. Brown, 17 S. W. Rep., 45; 1 W. & W. C. C., secs. 896, 897, 299; Railway v. Kuehn, 70 Texas, 582; Hampton v. Dean, 4 Texas, 455.

4. Where a railway company has discharged its obligation to fence its track and established a good and sufficient fence, and has placed gates in the same for the benefit of the abutting property owners, it is contributory negligence on the part of the person owning stock to turn them into a field where he knows there are defects in such fence, or in a field where he knows such gates are being continually left open, without repairing the defects and closing the gates, or without notifying the railway company of such facts and calling upon it to do so. Railway v. Seiver, 60 Ill., 295; Poler v. Railway, 16 N. Y., 476; Carey v. Railway, 20 Am. and Eng. Ry. Cases, 371; Richardson v. Railway, 13 Id., 371; Welly v. Railway, 24 Id., 371; Railway v. Nice, 23 Id., 469; Railway v. Woodward, 31 Id., 547.

No brief for appellee reached the Reporter.

STEPHENS, ASSOCIATE JUSTICE.—This action was brought to recover damages done by one of appellant's trains to appellee's mules.

The railway track extended through appellee's pasture and that of one Helm, between which pastures there was a partition fence. The evidence tended to show, that the appellant company had at some time previous to the accident fenced in its track through these pastures, and that this fence, when built, was sufficient. As to whether it was sufficient at the time of the accident, the evidence was conflicting; that of appellee tending to show, that in one place there was a gap, caused by the plank coming loose and the top wire dropping down, so as to permit the passage of his mules from the pasture to the right of way, and that it had been in this condition for two or three weeks prior thereto; that of appellant tending to the opposite conclusion.

Error is assigned to the charge which instructed the jury that a railway company must maintain a fence sufficient to turn ordinary stock, and that its failure to do so is such negligence as will render it liable; which charge, in applying this principle to the facts, reads: "In this case, if it appears from a preponderance of the evidence that the stock in question were injured by the cars of the defendant, and that at the time and near the place where the said injuries occurred the company's fence contained an opening or breach, or was in some way impaired, so that the said stock could effect an entrance to the said track, and should it further appear from a preponderance of the evidence that the said stock did effect an entrance through said breach or impaired place in defendant's fence, then, in this event, it is not necessary, in order that plaintiff recover, that he show any other negligence on the part of defendant."

This presents the question, not heretofore decided in this State, so far as we have been able to find, whether the liability of a railway company for injuries arising from defects in the fence inclosing its track, occurring after its construction, is the same as if no fence had been constructed, or whether such liability depends on the question whether

it has used ordinary care or been negligent in performing the duty to repair and maintain it.

The weight of authority outside of this State seems to be decidedly in favor of the latter proposition, even under statutes in terms requiring the railway company both to construct and maintain a sufficient fence. Pierce on Rys., 418, and cases cited; Rorer on Rys., 641, and cases cited; 7 Am. and Eng. Encyc. of Law, 918, and cases cited; 2 Shearm. & Redf. on Neg., 4 ed., sec. 425.

Our statute, article 4245, provides: "If a railroad company fence in their road, they shall only then be liable in cases of injury resulting from the want of ordinary care."

Following the strong current of authority construing similar statutes in other States, we conclude, that after fences have once been erected as required by law, the company is only liable, under this statute, for a negligent failure to maintain such fences, and that the charge quoted above was erroneous.

The following charge is also objected to, as submitting a state of case neither alleged nor proven, to wit: "Should you believe from the evidence that the stock in question made an entrance through a gate in defendant's fence, by reason of such gate being dilapidated or broken, or in a condition not to turn ordinary stock when closed, you should find for the plaintiff." This gate was in that part of appellant's fence next to the Helm pasture.

We think this objection is well taken, so far as the evidence found in this record is concerned; and we doubt whether, under the pleadings, even had the evidence made such an issue, it could properly be submitted as a ground of recovery.

The further contention of appellant, that the issue of contributory negligence arising from appellee's turning his mules into his own pasture with a knowledge of the defect in the fence should have been submitted to the jury, we do not sustain. While the authorities seem to be somewhat conflicting upon this question, we believe the better reason is with those cases which hold that the owner of land adjacent to a railroad can not thus be deprived of the ordinary use of his property; but rather, that the railway company in such cases assumes the risk of the accident as a consequence of its neglect to properly discharge a statutory duty, that it undertakes at its peril, to see that no harm comes to stock from running its trains under such conditions. Beach on Con. Neg., p. 242, last of sec. 74; Congdon v. Railway, 48 Am. Rep., 793; Cressy v. Railway, 47 Am. Rep., 227.

This view seems to accord with the trend of our own decisions.

For the errors indicated, the judgment will be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered November 14, 1894.